UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STELLA BENSON., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:20-CV-561-JAR |
| | ) | |
| SUNBEAM PRODUCTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for remand.  (Doc. No. 10).  The motion is fully briefed and ready for disposition.  For the following reasons, the Court will remand the case to state court.

## BACKGROUND

This case arises out of an alleged explosion of a Mr. Coffee Single Cup Brewing System (hereinafter, "Mr. Coffee").  Plaintiff alleges that on or about April 26, 2017, that she was using a Mr. Coffee machine when it exploded "expelling boiling scalding hot water and coffee beans onto her face and body causing her to suffer and sustain serious burns."  (Doc. No. 4 at ¶ 5).  Plaintiff initially filed suit in the Circuit Court for St. Louis City, Missouri seeking both compensatory and punitive damages under a product-liability theory.

Defendant Sunbeam Products, Inc., removed the action to this Court on April 20, 2020, asserting diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(b).  (Doc. No. 1). Defendant asserts that there is diversity of citizenship because Plaintiff is a citizen of Missouri and Defendant is a citizen of both Delaware and Florida.  Defendant further contends that the damages sought by Plaintiff meet the amount in controversy requirement based on the severity of Plaintiff's

alleged injuries, her request for punitive damages, and her unwillingness to stipulate to damages under $75,000.

On May 15, 2020, Plaintiff filed her motion to remand.  (Doc. No. 10).  In the motion, Plaintiff concedes that there is diversity of citizenship between the parties.  However, Plaintiff argues that Defendant has failed to meet its burden of proving that the amount in controversy exceeds $75,000. In the absence of such proof, Plaintiff argues that there is no federal diversity jurisdiction and the case should be remanded to the Circuit Court for St. Louis City.

**Legal Standard**

Federal courts have original jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332(a). In removal cases, the Court reviews the state court petition and the notice of removal to determine whether it has jurisdiction. *Sherrard v. Boeing Co.*, No. 4:17-CV-1444-RLW, 2017 WL 2973947, at *1 (E.D. Mo. July 12, 2017).  The party invoking jurisdiction bears the burden of demonstrating it exists. *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

"Where . . . the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party . . . must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Zumbrink v. Dillard's Inc.*, No. 4:14-CV-1191-JAR, 2014 WL 3734281, at *1 (E.D. Mo. July 28, 2014) (quoting  *In re Minn. Mut. Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir.2003)). "The preponderance of the evidence standard requires a defendant to demonstrate by sufficient proof that a plaintiff's verdict reasonably may exceed the jurisdictional amount."  *Hammond v. Patterson Auto Sales, Inc.*, No. 4:14-CV-01460 AGF, 2014 WL 6463351, at *3 (E.D. Mo. Nov. 17, 2014) (quoting *City of Univ. City, Mo. v. AT & T Wireless Servs., Inc.*, 229 F.Supp.2d 927, 932 (E.D.Mo.2004) (citation omitted)).  The

2

defendant is required to provide specific facts or evidence to demonstrate that the jurisdictional amount is met. *Hill v. Ford Motor Co.*, 324 F.Supp.2d 1028, 1036 (E.D . Mo. 2004).

"Federal courts must strictly construe the amount in controversy requirement, as its underlying purpose is to limit the federal courts' diversity caseload." *Hammond*, 2014 WL 6463351, at *3 (citing *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969). As a result, "all doubts about the propriety of removal must be resolved in favor of remand." *Sherrard¸* 2017 WL 2973947, at *1.

## Discussion

Here, Plaintiff did not allege a specific amount of damages in her petition;[1] therefore, Defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 for removal to be proper. Defendant first argues that Plaintiff's allegations of "permanent and progressive damages" resulting from burns to her face and body support a finding that the amount in controversy requirement is satisfied.  In support of this argument, Defendant cites to three cases where removal was found proper, in part, because the plaintiffs alleged serious and sustained physical injuries in their petitions: *Ward v. Sailormen, Inc.*, No. 4:06-CV-1814-JCH, 2007 WL 1040934, at *1 (E.D. Mo. April 3, 2007) (explaining that plaintiff sustained serious and permanent injuries to her head, neck, back, arms, legs, and buttocks); *O'Keefe v. Midwest Transit, Inc.*, No. 4:06-CV-1060-DDN, 2006 WL 2672992, at *2 (E.D. Mo. Sept. 18, 2006) ("[Plaintiff alleged] serious and permanent injuries, including injuries to her head, neck, left shoulder, arm, and hand, and that the uses of these body parts have been, and will be in the future, greatly impaired."); *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1041 (E.D. Mo. 2002) ("[P]laintiffs suffered

---

[1] Plaintiff only alleges that her damages are in excess of $25,000, which is the amount in controversy required for the case to be heard in Circuit Court rather than in Associate Circuit Court. (Doc. No. 4 at 2).

3

head, neck, and back injuries that were  permanent, progressive, and disabling injuries . . . .").
Defendant also argues that Plaintiff's claim for punitive damages and her refusal to stipulate to
damages lower than $75,000 supports a finding that the jurisdictional amount has been met.

Plaintiff, in response, argues that Defendant has failed to provide any competent evidence
for removal.  She claims that her case is distinguishable from the cases cited by Defendant because
the burns she sustained are not as substantial as the injuries alleged in *Ward, O'Keefe*, and *Quinn*.
In addition, she claims that her refusal to stipulate to damages equal to or less than $75,000 does
not help to establish Defendant's burden.

Upon review, the Court finds that Defendant has failed to establish by a preponderance
of the evidence that the amount in controversy meets the jurisdictional amount.  Defendant's
primary argument is that the nature and severity of Plaintiff's alleged injuries prove that the amount
in controversy will exceed $75,000.  Although the Court notes that Plaintiff has alleged serious
burns on her face and body and that she has sustained damages which are permanent and
progressive, these allegations alone are not facially significant enough to prove that a **verdict may
reasonably exceed the jurisdictional amount**.  *See Zumbrink*, 2014 WL 3734281, at *3 (holding
that plaintiff's allegations of permanent, progressive, and disabling injuries to the various bones,
joints, muscles, nerves and systems of her body, specifically her right hand, right shoulder and
back, were not sufficient evidence of the jurisdictional amount).  In making this determination, the
Court takes special notice of the fact that Plaintiff does not allege that she has (or would) lose
wages or have her employment options limited, as well as the fact that she does not claim loss of
use of any body part. *See O'Keefe*, 2006 WL 2672992, at *2  (finding removal proper where
plaintiff alleges "that her ability to work, labor, earn wages . . . has been limited and will be in the
future"); *Quinn*, 228 F.Supp.2d at 1041 (finding removal was proper where both plaintiffs alleged

4

"disabling injuries" that would impair "their ability to work and labor" and one plaintiff alleged lost wages).

Rather, Defendant needed to provide facts or evidence—specific to Plaintiff's allegations—that would support its argument. *See, e.g.*, *Ward*, 2007 WL 1040934, at *2 (finding sufficient evidence where defendant also cited to plaintiff's settlement demand of $100,000 and the over $20,000 in medical expenses for treatment plaintiff had already received and alleged she would need to seek again in the future); *O'Keefe*, 2006 WL 2672992, at *2  (finding sufficient evidence where defendants also cited to the fact that plaintiff incurred medical expenses while hospitalized for four days for seizures and that the attending physician "ha[d] not indicated" whether the seizures were unrelated to defendants' actions); *Quinn*, 228 F. Supp. 2d at 1039-40 (finding sufficient evidence where defendant also cited to plaintiffs' medical records that detailed injuries to several body regions and provided specific examples of comparable cases where the jury award was over the jurisdictional limit).  Without particularized facts and evidence, the potential that Plaintiff's damages will exceed the jurisdictional amount is speculative and does not help Defendant meet its burden.

 In addition to citing Plaintiff's alleged injuries, Defendant also offes two additional pieces of evidence that the amount in controversy may reasonably exceed $75,000:  Plaintiff's request for punitive damages and her refusal to file a stipulation for lesser damages.  However, this evidence—even in conjunction with the alleged injuries Plaintiff sustained—still falls short of establishing Defendant's burden. To begin, "while punitive damages are included in determining the amount in controversy for diversity jurisdiction purposes, the mere fact that plaintiff has asserted a claim for punitive damages does not relieve defendant . . . from proving that, more likely than not, punitive damages will cause the amount in controversy to exceed $75,000." *Williams v. Omaha Paper Stock, Inc.*, No. 4:06-CV-884-FRB, 2006 WL 2085463, at *3 (E.D. Mo. July 25,

2006).  To meet its burden, a defendant should identify "specific circumstances in the instant case [that] are sufficiently similar to such other cases" where punitive damages were awarded.  *Id.*  Here, Defendant has cited to one case, *Rinker v. Ford Motor Co.*, 567 S.W.2d 655, 668 (Mo. Ct. App. 1978), for the proposition that "punitive damages have been awarded in product liability cases in Missouri."  (Doc. No. 13 at 3 n.1).  However, the fact that punitive damages have been awarded in product liability cases does not support the argument that, under the specific circumstances of this case, that Plaintiff is entitled to such damages.  Defendant's assertion that it "does not agree that punitive damages are appropriate in this matter" further undercuts its argument that such damages would cause the amount in controversy to exceed $75,000.  (*Id.*).  This evidence, thus, does not help to establish Defendant's burden of proof.

The Court is likewise unpersuaded that Plaintiff's refusal to stipulate to lesser damages is sufficient evidence that the amount in controversy requirement is met.  It is not a prerequisite for remand that a Plaintiff stipulate to the amount in controversy.  *See Gramc v. Millar Elevator Co./Schindler Enterprises*, 3 F. Supp. 2d 1082, 1084 (E.D. Mo. 1998).  To hold otherwise "would improperly shift the removing defendant's burden of proof to the plaintiff." *Logan v. Value City Dep't Stores, LLC*, No. 4:08-CV-19 CAS, 2008 WL 1914168, at *4 (E.D. Mo. Apr. 28, 2008).  Plaintiff's refusal does create uncertainty as to whether the amount in controversy is met, but in this specific case the Court does find that the refusal helps to establish Defendant's burden.  *See Turpin v. State Farm Mut. Auto. Ins. Co.*, No. 11-4111-CV-W-FJG, 2011 WL 2562076, at *3 (W.D. Mo. June 28, 2011) ("[Plaintiff's] refusal [to stipulate] creates uncertainty, not preponderance of evidence.").

**Conclusion**

For the foregoing reasons, the Court finds that it has doubts about whether removal in this case is proper.  Because all doubts must be resolved in favor of remand, the Court will remand the case to the Circuit Court of St. Louis City.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **GRANTED**.  (Doc. No. 10).

**IT IS FURTHER ORDERED** that the case is **REMANDED** to the Twenty-Second Judicial Circuit Court, St. Louis City, State of Missouri, from which it  was removed.


Dated this 24th day of June, 2020.


**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

7